· 10122

FLOYD *ET AL.* v. MONTGOMERY LUMBER CO.

(98 S. E. 139.)

1. EVIDENCE—LETTERS—ATTEMPTED COMPROMISE.—Letters attempting to settle difference of opinion as to title to certain lands and the timber thereon, but which were written long prior to the bringing of the suit involving such title, land, and timber, could not be excluded as constituting an offer of compromise and settlement.

2. TRESPASS—EVIDENCE—ADMISSIBILITY—LETTERS.—In action for trespass upon land, letters between the parties written prior to the alleged trespass were admissible to show that the trespass was committed after full notice of plaintiff's claim.

3. WITNESSES—CONTRACT WITH DECEASED PERSON.—A witness could not, in view of Code Civ. Proc. 1912, sec. 438, testify regarding disposition a deceased ancestor made of his land and what arrangements, with respect to whether the ancestor had agreed to sign a deed to witness, had been made.

4. APPEAL AND ERROR—HARMLESS ERROR.—In trespass for cutting of timber, admission of tax duplicates of the county treasurer was harmless, where the fact that plaintiffs had paid the taxes was shown by other evidence and testimony.

Before RICE, J., Horry, Spring term, 1918.    Affirmed.

Action by Lillie Mae Floyd and others against the Mont-gomery Lumber Company.   Judgment on verdict for plain-tiffs, and defendant appeals.

The testimony referred to in the opinion is:

Johnson Floyd, a witness for the plaintiff, testified: Direct examination: I am a son of Frederick Floyd, my mother's name was Nancy Floyd, my father had six children by his first wife and seven by his last.   Hardy Floyd, Elizabeth McDaniel, Asbury Floyd, Goudin Floyd, William H. Floyd and D. C. Floyd were children by the first wife.   Gus Floyd was my half brother.   I am 44 years old and was only eight when my father died about 36 years ago.   After father's death my mother and all his children lived on the old Fred. Floyd place.   Mother died two years ago.   Up until a couple of years she stayed on the old place, the house got burned and she stayed with these children.   The old house got burned two years ago and after it was burned she lived with the other children.   Cross-examination: I am one of the heirs that signed the timber deed to Mullins Lumber Company.   My mother was my father's second wife, and she also signed this title to the Mullins Lumber Company. Q. At that time, how long had it been since Augustus Floyd had lived on that place?   A. I suppose he left when I was small, I suppose thirty or thirty-five years ago when he left. Q. Did he leave after this title had been made that has been introduced in evidence signed by the children of the first wife?   A. He was away when that was signed.   Augustus Floyd bought some of the old heirs, D. C. Floyd, Gourdin Floyd and Elizabeth McDaniel.   I don't remember what he paid.   He did not pay them all, three took pay and three did not, three of the older children.   The title which was intro-duced, to Augustus Floyd, was left in the hands of my uncle and he has it yet.   Augustus Floyd left my mother and her children in possession of this land.   I was one of them.   Q.

What arrangements did he have with you about it; in other words, had he promised that he would sign a deed to you? (Objected to as being obnoxious to sec. 438 of the Code.) Objection sustained.

*Mr. H. H. Woodward,* for appellant, cites: *As to excluding an offer of settlement:* 102 S. C. 130. *As to section 438 of the Code:* 6 S. C. 30; 7 S. C. 123. *As to admitting the tax duplicates of the county treasurer:* 98 S. C. 289; 78 S. C. 23. *As to title by presumption of a grant and the presumption of ouster of tenants in common by twenty years' continuous, open and adverse possession:* 59 S. C. 440; 48 S. C. 489; 48 S. C. 28; 50 S. C. 161; 26 S. C. 179; 93 S. C. 567; Code of Procedure, section 133; 80 S. C. 110; 2 Hill's Ch. 511; 11 Rich. 429; 3 S. C. 254; 26 S. C. 179; 1 S. E. 711; 38 S. C. 394; 17 S. E. 136; 40 S. C. 179; 18 S. E. 257; 48 S. C. 291; 26 S. E. 657; 48 S. C. 472; 26 S. E. 787; 78 S. C. 155. *As to disability of infancy:* 53 S. C. 126; 94 S. C. 71. *As to liability and measure of damages:* 2 Hill's Equity 277; 38 Cyc. 91 and 117.

*Mr. Hoyt McMillan,* for respondents, cites: *As to exception to admission of evidence not objected to:* 88 S. C. 15; 88 S. C. 56; 88 S. C. 80; 91 S. C. 507. *Assignment of error not sustained by the record will not be considered:* 91 S. C. 507. *As to section 438, Code of Civil Procedure:* 94 S. C. 349. *As to the admission in evidence of county treasurer's tax duplicates:* 78 S. C. 143. *As to refusal of motions for a nonsuit, and for a directed verdict:* 100 S. C. 499; 91 S. C. 439. *As to the Judge's charge:* 106 S. C. 92; 91 S. C. 439. *As to offer of compromise:* Code of Procedure, sec. 424. *As to possession and occupation:* Code of Procedure, sections 126, 127, 128, 129, 130, 131. *As to persons under disability:* Code of Procedure, sec. 133. *As to parties to actions and special proceedings being competent witnesses except in certain cases:* Code of Procedure, section 438.

January 21, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was for damages to real estate, for cutting and removing timber therefrom, and other acts of trespass. Plaintiffs claimed that they owned four undivided thirteenths of the land and timber. The answer was a general denial, and that the defendant was the owner of the timber and trees and other easements on said lands, and that they were the owners of nine undivided thirteenths of timber and trees and necessary rights of way and easements, and that they only took their interest from said lands, leaving the plaintiffs their undivided interest still, on said property, doing this after negotiations had failed for the purchase of plaintiffs' claim. The cause was tried before Judge Rice, and a jury, at the April term of Court, 1918, for Horry county, and the jury returned a verdict in favor of plaintiffs for $3,000 actual and $500 punitive damages. From this judgment defendant appeals.

Exception 1 alleges error in the admission of certain letters written by defendant to plaintiffs' attorneys and letters written by plaintiffs' attorneys to the defendant. Defendant contends that these letters should have been 1, 2 excluded as an offer of settlement or compromise.

This exception cannot be sustained, as the letters and correspondence were written long before any suit was brought, or as far as record discloses, was ever contemplated or thought to be necessary. While this Court has held, and reiterates the doctrine, which is so wholesome, that—

"The policy of the law is to encourage parties to settle out of Court. Therefore, they are not to be prejudiced in subsequent litigation by proof of unsuccessful efforts to settle." *Machine Co. v. Johnston,* 102 S. C. 130, 86 S. E. 489.

These letters do not show an offer to compromise nor anything in relation thereto. They give notice of title, and

offer to sell, and admission of defendant of title.    At that time, no timber had been cut, and there was no dispute as to the property rights between the parties.    Later, when the alleged trespass was made, it was competent to go to the jury in an action for actual and punitive damages, that these acts were committed after full notice of plaintiffs' claim.    This exception is overruled.

Exception 2, alleging error in excluding the evidence of Johnson Floyd, is overruled.    It was clearly obnoxious to section 438 of the Code of Civil Procedure and under *Jones v. Kelly,* 94 S. C. 349, 78 S. E. 17.

Exception 3, as to admitting tax duplicates of the county treasurer : This is overruled, as being harmless as witness, Davenport, testified he had paid taxes on the land for a number of years for the plaintiff, and there was other evidence that the heirs at law, plaintiffs herein, of Augustus Floyd, had been paying the taxes for a number of years, and the tax duplicate was competent to show in whose name the property was listed, and amount of taxes assessed.

Exceptions 4, 5 and 6 are overruled as being without merit.    There was ample evidence to submit the case to the jury for their determination on these issues, and it would have been error on the part of the Court not to have done so.

Appellant's remaining exceptions complain of error in his Honor's charge, and as to the liability and measure of damages.    Taking the Judge's charge, as a whole, we see no error.    There was nothing in it that was prejudicial to the appellant, and we see no reason why the judgment of the Circuit Court should be disturbed.    All exceptions are overruled.

Judgment affirmed.

Messrs. Justices Hydrick, Fraser and Gage concur.

Mr. Chief Justice Gary did not sit.